ANNE DUNLEAVEY *v.* PARIS CERAMICS USA, INC.
(AC 26539)

Flynn, C. J., and Gruendel and Berdon, Js.

Argued April 26—officially released September 19, 2006

 

*Nelson M. Farber,* pro hac vice, with whom were *Lisa A. Pannone* and, on the brief, *Alfred U. Pavlis* and *T. Scott Cowperthwait,* for the appellant (defendant).

*Ralph W. Johnson III,* with whom, on the brief, were *Michael K. Stanton, Jr.,* and *John W. Dietz,* for the appellee (plaintiff).

*Opinion*

GRUENDEL, J. The defendant, Paris Ceramics USA, Inc., appeals from the judgment of the trial court, rendered in favor of the plaintiff, Anne Dunleavey,[1] for the defendant's breach of warranty in connection with the sale of goods. The court awarded the plaintiff $270,246.73 in damages. The defendant claims on appeal that the court improperly determined that the plaintiff made reasonable efforts to mitigate such damages.[2] We disagree with the defendant and affirm the judgment of the trial court.

---

[1] The plaintiff is an interior and exterior designer doing business as Unique Interiors in Fairfield.

[2] In its brief, the defendant also claims that the court should have found that the plaintiff failed to mitigate damages because she did not insist on her right to cure pursuant to General Statutes § 42a-2-508. We note, however, that the defendant subsequently withdrew this claim during oral argument.

The following facts, which were found by the court, are relevant to the issues on appeal. On February 26, 2001, and in August, 2001, the plaintiff ordered from the defendant 3000 square feet and 280 square feet, respectively, of French Bourgogne limestone. The plaintiff's client, Terrance McClinch, planned to use the stone for an exterior terrace surrounding his swimming pool. The plaintiff paid the defendant $124,963.33 for the total amount of 3280 square feet of limestone and subsequently resold the limestone at a markup price to McClinch. In September, 2001, the installation of the stone was completed by C. A. Sanzaro, Inc. (Sanzaro), the contractor hired by John Desmond Builders, Inc. (Desmond), McClinch's general contractor.

In November, 2001, McClinch contacted the plaintiff and told her that the limestone was deteriorating, flaking and breaking apart. The plaintiff then notified the defendant of the defective condition of the limestone. On January 23, 2002, a meeting was held among McClinch, Desmond, Sanzaro, the plaintiff and the defendant. The defendant was represented by its vice president, Richard Abbott. At the meeting, all agreed that the stone had to be replaced completely. Abbott also stated that the defendant would do whatever was necessary to correct the situation at its own cost. Following the meeting, the plaintiff asked the defendant for a full refund, whereupon the defendant again asked for the opportunity to remedy the situation by supplying the replacement stone. During the spring of 2002, the limestone was replaced at the McClinch residence with bluestone supplied by another stone retailer. Subsequently, the plaintiff was informed that McClinch would no longer be using her services.

On February 13, 2003, the plaintiff filed an amended complaint against the defendant, alleging breach of contract, breach of warranty, fraud, misrepresentation and violation of the Connecticut Unfair Trade Practices Act

(CUTPA), General Statutes § 42-110a et seq. After a three day trial to the court, which concluded on October 28, 2004, both parties filed posttrial briefs addressing the five counts of the revised complaint. On April 20, 2005, in its memorandum of decision, the court determined that the defendant had breached an implied warranty for a particular purpose, an implied warranty of merchantability and an express warranty, and rendered judgment in favor of the plaintiff.[3] The court awarded the plaintiff $270,246.73 in damages as follows: (1) $124,963.33 that the plaintiff paid the defendant for the limestone; (2) $49,364 in lost profit; (3) $74,536 for the cost of the installation of the terrace and the general contractor's overhead and profits; and (4) $11,543.40 for the removal of the damaged terrace.[4]

The defendant claims on appeal that the court improperly determined that the plaintiff made reasonable efforts to mitigate damages. Specifically, the defendant argues that the court's conclusion was clearly erroneous because there was evidence that supports a finding that the plaintiff could have done more to mitigate her damages. We are not persuaded.

Before addressing the merits of the defendant's claim, we set forth the applicable standard of review. "We have often said in the contracts and torts contexts that the party receiving a damage award has a duty to make reasonable efforts to mitigate damages. . . . What constitutes a reasonable effort under the circumstances of a particular case is a question of fact for the trier. . . .

---

[3] The court determined that the plaintiff's breach of contract claim was preempted because the case involves the sale of goods and is therefore governed by the Uniform Commercial Code. The court also denied the plaintiff's fraud, misrepresentation and CUTPA claims, finding that she did not prove these claims by a preponderance of the evidence.

[4] The court also awarded prejudgment interest from April 2, 2002, until April 19, 2005, at a 10 percent interest rate, pursuant to General Statutes § 37-3a.

Furthermore, we have concluded that the breaching party bears the burden of proving that the nonbreaching party has failed to mitigate damages." (Internal quotation marks omitted.) *Gilliard* v. *Van-Court Property Management Services, Ltd.*, 63 Conn. App. 637, 644–45, 777 A.2d 745 (2001). The defendant, thus, bears the burden of proving that the plaintiff failed to make reasonable efforts to mitigate the amount of damages.

"[W]e will upset a factual determination of the trial court only if it is clearly erroneous. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Surrells* v. *Belinkie*, 95 Conn. App. 764, 767, 898 A.2d 232 (2006).

A review of the court's memorandum of decision reveals that it found that "although [the defendant] was willing to replace the stone at its own expense, the decision to allow [the defendant] to replace the stone was not [the plaintiff's] decision to make, but rather McClinch's decision. Although [the plaintiff] may not have done her best in order to try to convince McClinch to take up [the defendant's] offer to replace the patio stone, the evidence shows that McClinch was aware that [the defendant] was willing to replace the failed stone. Because McClinch did not accept [the defendant's] offer and decided to use another stone supplier, the court finds that [the plaintiff] should not be held responsible for McClinch's decision. Accordingly, the court finds that [the plaintiff] did not fail to mitigate her damages."

A review of the record also reveals that the defendant sent the plaintiff two letters, the first on January 25, 2002, and the second on February 25, 2002, outlining its intentions to remedy the situation with replacement stone. The plaintiff testified that she forwarded the correspondence to McClinch. She also testified that McClinch and Desmond had decided to obtain replacement stone from someone other than the defendant and that they did not ask for her input in the matter. The plaintiff further testified that McClinch was very upset with both the plaintiff and the defendant over the flawed limestone and, under the circumstances, she did not want to further anger her client.

Contrary to the findings of the court, the defendant argues that the plaintiff did not make appropriate attempts to remedy the situation and mitigate damages. Specifically, the defendant highlights the deposition of McClinch in which he stated that he would have ordered replacement stone from the defendant had he known it was in contact with the plaintiff.

We do not agree with the defendant that the evidence supports a conclusion that the plaintiff failed to take reasonable steps to mitigate damages under the circumstances. On the contrary, "[w]e [will] give great deference to the findings of the trial court because of its function to weigh and interpret the evidence before it and to pass upon the credibility of witnesses." (Internal quotation marks omitted.) *State* v. *Paradis*, 91 Conn. App. 595, 608, 881 A.2d 530 (2005). Although McClinch stated in his deposition that he was unaware of the defendant's overtures to supply new stone, the plaintiff testified at trial that she forwarded the defendant's correspondence to McClinch. "We have constantly held to the rule that we will not judge the credibility of witnesses or substitute our judgment for that of the trial court." (Internal quotation marks omitted.) *Nunez* v. *Nunez*, 85 Conn. App. 735, 738, 858 A.2d 873 (2004).

Accordingly, the court acted within its discretion to credit the plaintiff's testimony as to her conduct in mitigating damages.[5]

After a careful review of the record, we conclude that the evidence before the court supported its finding that the plaintiff's conduct in mitigating damages was reasonable under the circumstances. The court's finding, therefore, was not clearly erroneous. Accordingly, we decline to disturb the court's judgment awarding damages.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The defendant also argues that the plaintiff's efforts to mitigate damages were insufficient under 3 Restatement (Second), Contracts § 350 (1981), which, it contends, obligates the plaintiff to make *actual* efforts to mitigate damages. Specifically, the defendant argues that such efforts should take the form of the plaintiff "insisting" and "demanding" on her right to cure, i.e., having McClinch replace the faulty stone with new stone provided by the defendant. We conclude, however, that the court correctly applied *Gilliard* in determining that the plaintiff made reasonable efforts to mitigate damages under the circumstances.